# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DANNY WILLIAM CHERRY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **5:13-cv-1972-AKK** |
| **UNIVERSITY OF ALABAMA HUNTSVILLE,** | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Danny William Cherry filed this action against the University of Alabama Huntsville ("the University"), alleging that "false allegations were made" against him and that the University "harassed and force[d] [him] to withdraw after being banned from campus with[out] a just case." Doc. 1 at 2.  Mr. Cherry filed motions to amend the complaint, appoint counsel, change venue, expedite, confer with Defendant, meet with the judge, and for settlement conference, docs. 7, 13, 14, 15, 17, 18, 19, which are not properly before the court because Mr. Cherry failed to serve them on the University.  Fed. R. Civ. P. 5(a) and (b); N.D. Ala. LR 5.4.[1]  The University has moved to dismiss this action, doc.

---

[1]Because electronic filing is not available to *pro se* parties, the United States District Court, Northern District of Alabama Local Rule 5.4 requires *pro se* parties to serve documents in a manner described in Federal Rule of Civil Procedure 5(b).  However, the failure to serve is a

8, and the motion is briefed, docs. 12, 16, and ripe for resolution. For the reasons stated below, the University's motion is due to be granted.

## I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss based on the defense that the court lacks subject-matter jurisdiction. Facial attacks to jurisdiction are based on the allegations in the complaint, which the court must take as true in deciding whether to grant the motion. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citation omitted).

---

moot issue because the University's motion to dismiss, doc. 8, is due to be granted.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id. See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Like a Rule 12(b)(1) motion, the court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 129 S. Ct. at 1950.

**II.     Analysis**

The University raises several arguments in support of its motion to dismiss, including that it is entitled to immunity pursuant to the Eleventh Amendment of the U.S. Constitution and Article I, § 14 of the Alabama Constitution.  Doc. 8 at 2. Mr. Cherry failed to address these arguments in his response to the University's motion, and, in fact, implicitly concedes the immunity defense by asking this court to ignore the law because "[n]o man, not even the President has immunity."  Doc. 12 at 1.  In light of Mr. Cherry's failure to address the University's arguments, Mr. Cherry has waived his right to do so, *see Goldman v. Bracewell & Guiliani, L.L.P.*, 183 F. App'x 873, 874 (11th Cir. 2006); *Iraola & CIA S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir. 2003), and, for the reasons stated below, the motion is due to be granted.

   A.     *Lack of subject matter jurisdiction*

The court can discern no proper basis for it to exercise jurisdiction over this matter because Mr. Cherry's statement of his claim fails to assert any cause of action arising under federal law.  In fact, the one allegation that Mr. Cherry specifically mentions in his filings, i.e. that the University defamed him by falsely claiming he had charges pending for felony murder, is one that, at best, arises

under state law.² Because "[f]ederal courts are courts of limited jurisdiction," with the power to hear only cases authorized by the Constitution or by statute, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted), this court lacks subject matter jurisdiction over this matter. Accordingly, the motion to dismiss is due to be granted.

    B.    *Eleventh Amendment Immunity*

To the extent Mr. Cherry is contending that the University violated his federal rights pursuant to 42 U.S.C. § 1983 by improperly trying to execute a warrant to arrest him for felony murder, doc. 7, any such claim would fail because the University is entitled to Eleventh Amendment immunity. Under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. amend. XI. The Supreme Court has additionally held "that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens" for retrospective recovery of money damages. *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990), citing *Hans v. Louisiana*, 134 U.S. 1 (1890). Therefore, absent

---

²The court cannot hear this claim under diversity jurisdiction because Mr. Cherry is an Alabama resident and the University is an Alabama entity. Doc. 1 at 2; *see* Fed. R. Civ. P. 8(a)(1) and 12(b)(1).

an express waiver, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*. (internal quotation marks and citation omitted).  Furthermore, states are not "persons" subject to liability under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  The University is an instrumentality of the state and, as such, is immune from § 1983 liability.  *Harden v. Adams*, 760 F.2d 1158, 1164 (11th Cir. 1985) (citation omitted); *Matthews v. Ala. A&M Univ.*, 787 So. 2d 691, 696-97 (Ala. 2000); *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citation omitted).

     Perhaps because Mr. Cherry recognizes that a dismissal of his claim is warranted under existing case law, Mr. Cherry asks the court to ignore the law by asserting that "all men are created equal," "[n]o man, not even the President has immunity," that "rulings made in . . . past cases were bias and made by men who often err," and that the U.S. Constitution is flawed because its drafters were slave owners.  Doc. 12 at 1-2.  This court declines to accept Mr. Cherry's invitation for it to ignore the law.  After all, to paraphrase Mr. Cherry, no man, not even a judge, is immune from following the law.  Therefore, because the University has immunity under the Eleventh Amendment, allowing Mr. Cherry to amend the complaint to add a defamation claim as he asks, *see* doc. 7, would be futile.

## III.  Conclusion

Based on Mr. Cherry's failure to invoke the court's subject matter jurisdiction and the University's entitlement to Eleventh Amendment immunity, by separate order, the court will **GRANT** the University's motion and **DISMISS** this lawsuit without prejudice, and **MOOT** Mr. Cherry's motions for appointment of counsel, change of venue, earlier court date, and settlement, and motions to amend the complaint, confer with the University, and meet with the judge.

**DONE** the 7th day of February, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE